

## NUMBER 13-19-00527-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

MARIO SIFUENTEZ,                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

### On appeal from the 428th District Court of Hays County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Mario Sifuentez was charged by indictment with driving while intoxicated, third or more conviction, a third-degree felony. *See* TEX. PENAL CODE. ANN. § 49.09(b). At trial, the jury found Sifuentez guilty of the charged offense and Sifuentez pleaded true to two prior felony convictions for driving while intoxicated. *See id.* § 12.42. Sifuentez was sentenced to forty-five years' imprisonment in the Texas Department of Criminal Justice–

Institutional Division following his conviction.

Sifuentez was not appointed appellate counsel and did not file an appeal. After filing a petition for writ of habeas corpus with the Texas Court of Criminal Appeals, Sifuentez was granted an out-of-time appeal. *Ex parte Sifuentez*, No. WR-98, 522-01, 2019 WL 3944314 (Tex. Crim. App. Aug. 21, 2019) (per curiam). The trial court received an affidavit from Sifuentez's trial counsel in response to Sifuentez's petition for writ of habeas corpus and made findings of fact and conclusions of law. Sifuentez was appointed appellate counsel.

Sifuentez appealed, and his court-appointed appellate counsel has filed an *Anders* brief stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.[1]

## I.      *ANDERS* BRIEF

Sifuentez's appellate counsel has filed a motion to withdraw and brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d at 813, and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Sifuentez's counsel has also informed this Court that he has: (1) notified Sifuentez that he has filed an *Anders* brief and a motion to withdraw; (2) provided Sifuentez with copies of both filings; (3) informed Sifuentez of his right to file a pro se response,[2] to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Sifuentez with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Sifuentez has filed a pro se response with this Court in which he alleges his trial counsel provided ineffective assistance. Specifically, Sifuentez alleged that trial counsel failed to present critical evidence for his defense, failed to file a motion for new trial, failed to file a notice of appeal, and the combination of the allegations also led to ineffective assistance.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records, counsel's brief, and Sifuentez's pro se response, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Sifuentez's counsel has asked this Court for permission to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.3d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw.

Within five days of the date of this memorandum opinion, we order counsel to send a copy of this opinion and judgment to Sifuentez and to advise him of his right to file any petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 67 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. If Sifuentez seeks further review by the Texas Court of Criminal Appeals, then he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of the Texas Rule of Appellate Procedure. *See id.* R. 68.4.

4

### IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
20th day of August, 2020.

5